Ryan A. Stuart
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone:     907-343-4545
Fax:       907-343-4550
Email:     uslit@muni.org

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE DOWNTOWN SOUP KITCHEN, d/b/a, DOWNTOWN HOPE CENTER,<br><br>          Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE, ANCHORAGE EQUAL RIGHTS COMMISSION, and PAMELA BASLER, Individually and in her Official Capacity as the Executive Director of the Anchorage Equal Rights Commission,<br><br>          Defendants. | Case No. 3:18-cv-00190-SLG |

## MOTION FOR FEDERAL ABSTENTION

Defendants (collectively "Municipality") move the Court for an order dismissing the Complaint under the federal abstention doctrine, or in the alternative, to stay these proceedings pending local and state court proceedings. The facts in support of this motion are taken from Plaintiff's Complaint.

# I. INTRODUCTION AND SUMMARY OF ARGUMENT

This case involves the investigation by the Anchorage Equal Rights Commission (AERC) into a transgender woman's allegation of denial of services by The Downtown Soup Kitchen d/b/a Downtown Hope Center. Plaintiff challenges the validity of provisions of Title 5 of the Anchorage Municipal Code, both facially and as-applied, under the United States Constitution and Alaska Constitution.

The AERC investigation of the discrimination complaint against the Hope Center is open and ongoing, and AERC has rendered no decision nor undertaken any enforcement action against the Hope Center. AERC's determination regarding the discrimination complaint, if decided in the Hope Center's favor, would render Plaintiff's claims in this action moot, or at least substantially change the nature of its alleged claims before the court. In addition, the Hope Center has a right to appeal from the AERC proceeding directly to the Alaska Superior Court for consideration of challenges to AERC's jurisdiction as well as determination of state and federal constitutional challenges to Title 5. Again, adjudication of these claims by the Alaska Superior Court, if decided in the Hope Center's favor, would substantially alter Plaintiff's claims before the federal court and render some or all of the claims moot.

The *Younger*[1] doctrine of federal abstention requires the court to abstain from further proceedings in this action in order to avoid interference with pending state adjudication of sensitive issues of municipal and state law regarding public

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

accommodations and sex- and gender identity-based discrimination. Abstention is appropriate pursuant to the *Younger* doctrine because: (1) there is an ongoing local adjudicative proceeding, with an attendant right of appeal to state court, that (2) implicates important state interests, and which (3) provides the Hope Center with an adequate opportunity to raise its federal claims.

## II. FACTS

### A. **The Anchorage Equal Rights Commission (AERC) is a Municipal Commission.**

*According to the Complaint*:

104. The Commission was established by Section 17.02 of the Anchorage Municipal Charter. AMC § 5.10.020.

105. It is an administrative agency within the Municipality of Anchorage.

106. Section 17.02 of the Anchorage Municipal Charter states that "[t]he assembly by ordinance shall establish an equal rights commission and prescribe its duties. The commission shall appoint its principal executive officer with the approval of the mayor. The principal executive officer shall serve at the pleasure of the commission."

107. The Commission is authorized to hire an Executive Director, subject to the approval of the mayor, who serves at the pleasure of the Commission. AMC § 5.10.040.

### B. **The AERC Interprets Municipal Code for Compliance with Municipal Equal Rights Ordinances.**

*According to the Complaint:*

111. Anchorage's public accommodation law is found in AMC, Title 5, which was amended in 2015 to include "gender identity" among the grounds of discrimination prohibited by the title. AMC § 5.20.050.

### C. AERC Proceedings are Pending with No Decision or Enforcement Action.

*According to the Complaint:*

14. The individual who sought access in January 2018 nonetheless filed a complaint with the Anchorage Equal Rights Commission ("Commission"), accusing the Hope Center of discriminating on the basis of sex and gender identity, despite clear evidence of the nondiscriminatory basis for that denial.

15. Although the Hope Center clearly did not violate the code, the Commission's Executive Director did not dismiss the complaint early on but continues to harass the Center through a now nearly 6 month "investigation."[2]

### D. The Interpretation and Application of the Term "Public Accommodation" is Uniquely Municipal.

Issues in the AERC proceedings are twofold: (1) whether there is substantial evidence of discrimination by the Hope Center, which is a factual issue for AERC, and (2) whether the Hope Center is a public accommodation under municipal code such that the exceptions for homeless shelters found in two other code provisions do not apply. The two code sections that contain exceptions for homeless shelters are (1) the Fair Housing Act at AMC 5.25.030A, and (2) AMC 5.20.020 – Unlawful practices in the sale, rental or use of real property (which directly incorporates the exceptions described in the Fair Housing Act). However, the municipal code provision concerning public accommodations found at AMC 5.20.050 does not contain an exception for homeless shelters. The still-pending AERC complaint was filed under the public accommodation code. *See,* Exhibit B hereto (AERC Complaint No. 18-041).

---

[2] For clarification and background, the second complaint AERC filed against the Hope Center and its counsel has been settled and administratively closed. *See, Complaint* ¶ 153 (reference to second AERC complaint); Exhibit A (Closure document regarding AERC Complaint No. 18-167).

- 4 -

*According to the Complaint:*

> 179. Section 5.20.020(A) specifically incorporates the exception for homeless shelters found at 5.25.030(A)(9).
>
> 181. Along with the specific exclusion from the ordinance, the Hope Center is also not a place of public accommodation.

The Plaintiff argues that the Hope Center is not a public accommodation under Municipal Code. *Complaint,* ¶¶ 181-186. Ultimately, whether the Hope Center is a public accommodation falls under AERC's mandate to investigate allegations and apply the municipal code, with rights of appeal to the state superior court. The definition of "public accommodation" under current Anchorage Municipal Code is distinct from state and federal definitions of public accommodations and represents a unique legal question that has not been interpreted by the courts.

## III. ARGUMENT

### A. Abstention is appropriate pursuant to the *Younger* doctrine.

Beginning with its decision in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court has limited the ability of federal courts to enjoin or otherwise interfere with ongoing state judicial proceedings. Subsequent decisions such as *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423 (1982), have further expanded and clarified this body of law, often referred to as the *Younger* doctrine of abstention. Federal courts, including the Ninth Circuit, have adopted a three-part test derived from the *Middlesex* decision for determining whether abstention is appropriate under *Younger*. *See e.g.*, *M&A Gabaee* v. *Community Redevelopment Agency of the City of Los Angeles*, 419 F.3d 1036 (9th Cir. 2005). Under this test, abstention is generally appropriate where

(1) there are ongoing state adjudicative proceedings, which (2) implicate important state interests, and which (3) provide an adequate opportunity to raise the plaintiff's federal claims. *Id.* at 1039. As discussed herein, the matter presently before the Court meets all three prongs of the *Middlesex* test and abstention under *Younger* is appropriate.

### i. The AERC investigation is an ongoing state adjudicative proceeding.

The AERC investigation is a civil enforcement proceeding, similar to the state bar disciplinary proceedings at issue in *Middlesex*, and therefore among the specific categories of proceedings for which *Younger* abstention is appropriate. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013). The Hope Center concedes the underlying AERC proceeding is still pending and no decision has been rendered in the matter. *See*, *Complaint* ¶¶ 14, 15.

If a "state-initiated proceeding is ongoing," and the other Middlesex factors are satisfied, "then a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that *Younger* disapproves." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

### ii. Important state interests are at issue in the pending AERC investigation.

Interpretation and application of the term "public accommodation" under the Anchorage Municipal Code is a uniquely municipal question which implicates important state interests in eliminating sex and gender identity-based discrimination. The state's interests in this matter closely resemble the state interests in *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986). In that case, a sectarian school was the respondent in a state administrative proceeding alleging gender-based employment

discrimination and unsuccessfully sought a federal injunction against the pending proceeding on First Amendment grounds. *Id.* In holding that *Younger* prevented the district court from entertaining suits challenging the validity of administrative enforcement proceedings on those grounds, the Supreme Court emphasized the state's important interest in rooting out employment discrimination. *Id.* Here, the state interest in eliminating sex- and gender identity-based discrimination in public accommodations is equally important as the state interests at issue in *Ohio Civil Rights Commission.*

### iii. The Hope Center has an adequate opportunity raise its federal claims before the AERC and/or on appeal to the Alaska Superior Court.

The final prong of the *Middlesex* test requires that the federal court plaintiff have a meaningful opportunity to present their federal claims in the underlying state proceedings. Notably, even where it is uncertain whether a federal court plaintiff could adequately raise their federal claims in state administrative proceedings, the Supreme Court has held that the third *Middlesex* factor is satisfied <u>if the federal claims could be raised in a state court appeal of any state administrative orders.</u> *Ohio Civil Rights Comm'n*, 477 U.S. at 619. The Ninth Circuit has held that opportunity for judicial review is inadequate under the Younger abstention doctrine "only when state procedural law *bars* presentation of the federal claims." *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (emphasis in original).

Here, the Hope Center's constitutional challenges can be adequately addressed before the AERC. *See e.g.*, *Middlesex,* 457 U.S. at 435-436 (Rejecting argument that federal court plaintiff lacked opportunity to raise constitutional challenges before local

- 7 -

Case 3:18-cv-00190-SLG   Document 43   Filed 11/21/18   Page 7 of 9

ethics committee because there was no indication the committee "would have refused to consider a claim that the rules which they were enforcing violated federal constitutional guarantees."); AMC 5.10.010 ("It is the express intent of this title to guarantee fair and equal treatment under law to all people of the municipality, *consistent with federal and state constitutional freedoms and laws, including freedom of expression, freedom of association and the free exercise of religion.*") (emphasis supplied); AMC 5.60.010.B ("In making a determination, the executive director may consider analogous guidelines and precedents of the federal Equal Employment Opportunity Commission, the Department of Housing and Urban Development, and state and local enforcement agencies, *as well as applicable federal and state judicial precedent.*") (emphasis supplied).

Furthermore, the Hope Center enjoys an explicit right of appeal under Title 5 of the Anchorage Municipal Code to obtain judicial review by the Alaska Superior Court of any orders issued by the AERC, as set forth by AMC 5.80.030.A:

> **Judicial review and enforcement.**
> A. A complainant, or person against whom a complaint is filed, or other person aggrieved by an order of the commission, may obtain judicial review of the order in accordance with AS 44.62.56 - 44.62.570.

Thus, pursuant to *Ohio Civil Rights Commission*, even if Hope Center's constitutional challenges could not be addressed by the AERC, the Hope Center clearly still has an "adequate opportunity" under the *Younger* doctrine to raise those challenges on appeal to the Alaska Superior Court.

## IV. CONCLUSION

Abstention by the court is required by the *Younger* doctrine in this matter because: (1) there is an ongoing local adjudicative proceeding, with an attendant right of appeal to state court, that (2) implicates important state interests, and which (3) provides the Hope Center with an adequate opportunity to raise its federal claims. Dismissal of the Hope Center's complaint is the appropriate relief. *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 889 (9th Cir. 2011); *San Remo Hotel v. City and Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). In the alternative, the Municipality respectfully requests the court stay all further proceedings in this matter pending a final determination in the ongoing municipal and state adjudicative proceedings.

Respectfully submitted this 21st day of November, 2018.

REBECCA A. WINDT PEARSON
MUNICIPAL ATTORNEY

By: /s/ Ryan A. Stuart
     Assistant Municipal Attorney
     Alaska Bar No. 0706036

**CERTIFICATE OF SERVICE**
I certify that on 11/21/2018, a copy of the foregoing document was served on the following:

Jonathan A. Scruggs
Ryan J. Tucker
Sonja Redmond
Kevin G. Clarkson
David Cortman
Katherine Anderson

by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/ Amber Cummings
Legal Secretary