David A. Cortman, AZ Bar No. 029490
Jonathan A. Scruggs, AZ Bar No. 030505
Ryan J. Tucker, AZ Bar No. 034382
Katherine L. Anderson, AZ Bar No. 033104
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 (Fax)
dcortman@adflegal.org
jscruggs@adflegal.org
rtucker@adflegal.org
kanderson@adflegal.org

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE DOWNTOWN SOUP KITCHEN d/b/a DOWNTOWN HOPE CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE, ANCHORAGE EQUAL RIGHTS COMMISSION, and PAMELA BASLER, Individually and in her Official Capacity as the Executive Director of the Anchorage Equal Rights Commission,<br><br>    Defendants. | Case No. 3:18-cv-00190-SLG |

## **STIPULATED PROTECTIVE ORDER**

The parties hereby submit this proposed Stipulated Protective Order and request that it be entered by the Court for the reasons set forth below.

1. **Purpose**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted, including but not limited to, the identification of individuals who wish to protect their identities or whose identities are not subject to public disclosure. The parties agree, and the Court finds, that there is good cause to protect this information.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **"Confidential" material**

"Confidential" material shall include, but is not limited to, personal information that is protected by law, including information related to persons who are not parties to this case, private or proprietary information, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to injury or potential legal liability to third parties.

3. **Scope**

The protections conferred by this agreement cover not only "Confidential" material (as defined above), but also (1) any information copied or extracted from "Confidential" material; (2) all copies, excerpts, summaries, or compilations of "Confidential" material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal "Confidential" material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## 4. Access to and use of "Confidential" Material

4.1 <u>Basic principles</u>. "Confidential" material may be disclosed only to the categories of persons and under the conditions described in this agreement. "Confidential" material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "Confidential" Material</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Confidential" material only to:

(a) the parties themselves and the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of "Confidential" material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any "Confidential" material to third parties and to immediately return all originals and copies of any "Confidential" material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

> depositions that reveal "Confidential" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;
>
> (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing "Confidential" Material</u>. Before filing "Confidential" material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the "Confidential" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Rule 7.3 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 5. Designating Protected Material

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under

this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains "Confidential" material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within twenty (20) calendar days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "Confidential." If a party or non-party desires to protect "Confidential" information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6. Challenging Confidentiality Designations**

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting, an email exchange or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as "Confidential" until the court rules on the challenge.

**7. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

*The Downtown Soup Kitchen v. MOA;* 3:18-cv-00190-SLG     6

Case 3:18-cv-00190-SLG Document 67 Filed 12/18/18 Page 6 of 9

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose "Confidential" material may be affected.

## 8. Unauthorized Disclosure of Protected Material

If a receiving party learns that, by inadvertence or otherwise, it has disclosed "Confidential" material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. Inadvertent Production of Privileged or Otherwise Protected Material

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## 10. Non-Termination and Return of Documents

Within 60 days after the termination of this action, including all appeals, each receiving party must return all "Confidential" material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Nothing herein shall prevent either party from seeking additional relief from this Court to protect certain information and/or from taking steps to redact or withhold certain information deemed by that party to be protected

*The Downtown Soup Kitchen v. MOA;* 3:18-cv-00190-SLG 7

from disclosure. If the other party disputes any such redaction or withholding, the parties shall confer in good faith to try and resolve their dispute prior to seeking judicial intervention as is required under Civil Rule 37(a) and otherwise comply with their respective obligations under applicable civil and local rules.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 18, 2018.

By: /s/ Ryan J. Tucker

David A. Cortman
AZ Bar No. 029490
Jonathan A. Scruggs
AZ Bar No. 030505
Ryan J. Tucker
AZ Bar No. 034382
Katherine L. Anderson
AZ Bar No. 033104
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 (Fax)
dcortman@adflegal.org
jscruggs@adflegal.org
rtucker@adflegal.org
kanderson@adflegal.org

Sonja Redmond
AK Bar No. 0605022
LAW OFFICE OF SONJA REDMOND
PO Box 3529
Soldotna, Alaska 99669
(907) 262-7846
(907) 262-7872 (Fax)
sredmond@greatlandjustice.com

*Attorneys for Plaintiff*

By: /s/ Ryan J. Tucker for Ryan A. Stuart

Ryan A. Stuart
AK Bar No. 0706036
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, AK 99519-6650
(907) 343-4545
(907) 343-4550 (Fax)
uslit@muni.org

*Attorney for Defendants*

*The Downtown Soup Kitchen v. MOA;* 3:18-cv-00190-SLG    8

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Alaska (Anchorage) in the case of *The Downtown Soup Kitchen v. Municipality of Anchorage, et al.*, Case No. 3:18-cv-00190-SLG.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Alaska (Anchorage) for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Printed name: _____

City and State where sworn and signed: _____

Date: _____