IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE DOWNTOWN SOUP KITCHEN d/b/a DOWNTOWN HOPE CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE, ANCHORAGE EQUAL RIGHTS COMMISSION, and PAMELA BASLER, Individually and in her Official Capacity as the Executive Director of the Anchorage Equal Rights Commission,<br><br>    Defendants. | Case No. 3:18-cv-00190-SLG<br><br>**PARTIES' JOINT MOTION TO APPROVE CONSENT DECREE** |

## INTRODUCTION

Plaintiff The Downtown Soup Kitchen d/b/a Downtown Hope Center ("Hope Center") and Defendants Municipality of Anchorage, Anchorage Equal Rights Commission ("AERC"), and Pamela Basler, individually and in her official capacity (collectively "Defendants"), respectfully ask this Court to grant this Joint Motion to Approve Consent Decree and to enter the attached proposed Consent Order.

## PROCEDURAL BACKGROUND

On February 1, 2018, Jessie Doe filed a complaint with the AERC alleging that Hope Center violated Anchorage Municipal Code ("AMC") § 5.20.050 when Hope Center's director stated Doe would not be able to stay at the shelter. The AERC pursued Doe's complaint against Hope Center under the AMC.

On August 16, 2018, Hope Center filed a complaint in this Court alleging violation of its First and Fourteenth Amendment rights and its rights under the Alaska Constitution. *See* ECF No. 1 at 33, ¶¶ 234-380. On November 1, 2018, Hope Center filed a motion for preliminary injunction seeking to enjoin Defendants from enforcing AMC § 5.20.050 and § 5.20.020 as applied to it and AMC § 5.20.050(A)(2)(b) facially and as applied to it. *See* ECF No. 29 at 3-4.

On August 9, 2019, the Court granted that motion and temporarily enjoined Defendants from—tracking the language from the Court's order—(1) enforcing AMC § 5.20.050 and AMC § 5.20.020 as applied to the provision of overnight living space to homeless persons by Hope Center and its agents, including its right to post its desired policies, and to open its overnight shelter only to persons who were determined to be female at birth; and (2) enforcing AMC § 5.20.050(A)(2)(b) as applied to the right of Hope Center to post and discuss its desired policies with respect to its overnight homeless shelter. *See* ECF No. 97 at 42-43.

On August 26, 2019, the AERC administratively closed Doe's complaint against Hope Center.

## SETTLEMENT BACKGROUND

Following this Court's preliminary injunction order and the AERC's decision to close Doe's administrative complaint, the parties began settlement discussions. They conferred by email, exchanged drafts of dismissal papers, and reached a final agreement on September 18, 2019.

# ARGUMENT

This Court should enter the proposed consent order because it is fundamentally fair, adequate, and reasonable.

"A consent decree is essentially a settlement agreement subject to continued judicial policing." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (internal quotation marks omitted). A court reviews a consent decree to determine whether it is "fundamentally fair, adequate and reasonable." *Id.* And "because it is a form of judgment, a consent decree must conform to applicable laws." *Id.* at 580.

"The Court's review of the Consent Decree is conducted in light of the public policy favoring settlement." *United States v. Chevron U.S.A., Inc.*, 380 F. Supp. 2d 1104, 1111 (N.D. Cal. 2005). Thus, "[t]he district court's role in reviewing the essentially private agreement among the parties is 'limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.'" *Oregon*, 913 F.3d at 586 (citation omitted).

"In applying the 'fair, adequate and reasonable' standard, courts examine both procedural and substantive fairness." *Chevron U.S.A., Inc.*, 380 F. Supp.2d at 1111 (collecting cases). When a consent decree affects the public interest, courts have a heightened responsibility to protect those interests and to safeguard those who did not participate in the decree negotiations. *Oregon*, 913 F.2d at 581. But the consent decree need not "be 'in the public's *best* interest' if it is otherwise reasonable." *Id.* (quoting *S.E.C.*

*v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984)). The proposed order here satisfies these standards.

## I. The Consent Decree is Procedurally Fair

Procedural fairness requires a negotiation process that was "'fair and full of adversarial vigor.'" *United States v. Pacific Gas & Elec.*, 776 F. Supp. 2d 1007, 1025 (N.D. Cal. 2011) (quoting *United States v. Telluride Co.*, 849 F. Supp. 1400, 1402 (D. Colo. 1994)). If the consent decree was the product of "good faith, arms-length negotiations," it is "presumptively valid and the objecting party has a heavy burden of demonstrating the decree is unreasonable." *Oregon*, 913 F.2d at 581.

The proposed Consent Decree is the product of fair, careful negotiation. After Hope Center filed suit in this Court, the parties began exchanging discovery materials and extensively briefed several significant issues in this case, including a motion to abstain and motion for preliminary injunction. After the Court resolved these motions, *see* ECF No. 97, and after the AERC closed Doe's complaint, the parties were able to reach the proposed Consent Decree. Thus, the parties have reached the proposed Consent Decree after exchanging discovery and scrutinizing the factual and legal aspects of this case. This is the epitome of good faith, arms-length negotiations.

## II. The Consent Decree is Substantively Fair

Substantive fairness does not require a court to determine whether "the settlement is one which the court itself might have fashioned, or considers ideal." *Chevron U.S.A., Inc.*, 380 F. Supp. 2d at 1111 (internal quotation marks omitted). Instead, the "court's

approval 'is nothing more than an amalgam of delicate balancing, gross approximations and rough justice.'" *Oregon*, 913 F.2d at 581 (quoting *Officers for Justice*, 688 F.2d at 625). "The court need only be satisfied that the decree represents a reasonable factual and legal determination." *Id.* (internal quotation marks omitted). Applied here, the parties agree that the proposed Consent Decree is a carefully negotiated compromise whose terms reflect this Court's prior order and the parties' priorities.

### III. The Consent Decree is Reasonable

The parties agree that the proposed Consent Decree is reasonable. Both parties benefit from the proposed Consent Decree because Hope Center receives the relief it seeks, and Hope Center dismisses all other claims not resolved by the proposed Decree. The parties further agree that the attorneys' fees and costs have been reasonably calculated. *See Lares v. Reliable Wholesale Lumber, Inc.*, No. 8:18-CV-0157-JLS-AGR, 2018 WL 6219936, at *3 (C.D. Cal. Oct. 18, 2018) (declining to "second-guess a sophisticated defendant's own assessment of liability *sua sponte*"). Furthermore, the alternative to the proposed Consent Decree is continuing to litigate this case. The parties agree that the proposed Consent Decree is the better course.

### IV. The Consent Decree Does Not Violate Law or Public Policy

"[A] consent decree need not impose all the obligations authorized by law." *Oregon*, 913 F.2d at 581. "[T]he law only requires that the agreement 'come within the general scope of the case made by the pleadings.'" *Flores v. Lynch*, 828 F.3d 898, 907 n.3 (9th Cir.

2016) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

The parties agree that the proposed Consent Decree comes within the general scope of the case made by the pleadings and does not violate any legal grounds upon which the complaint was based. *See generally* ECF No. 1. The proposed Consent Decree is also consistent with the law and public policy, because, as determined by the Court, "AMC §§ 5.20.020 and 5.20.050 do not appear to apply to Hope Center's homeless shelter. Therefore, enjoining the enforcement of those provisions against Hope Center's homeless shelter will not significantly curtail the public interest." ECF No. 97 at 41.

## CONCLUSION

The proposed Consent decree is fair, adequate, and reasonable. The parties therefore jointly ask this Court to approve and sign it and end this litigation.

Respectfully submitted this 30th day of September, 2019.

By: /s/ *Ryan J. Tucker*
David A. Cortman, AZ Bar No. 029490*
Jonathan A. Scruggs, AZ Bar No. 030505*
Ryan J. Tucker, AZ Bar No. 034382*
Katherine L. Anderson, AZ Bar No. 033104*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 (Fax)
dcortman@adflegal.org
jscruggs@adflegal.org
rtucker@adflegal.org
kanderson@adflegal.org

By: /s/ *Ryan A. Stuart*
Ryan A. Stuart
Meagan Carmichael
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545
(907) 343-4550 (Fax)
uslit@muni.org

*Attorneys for Defendants*

Sonja Redmond, AK Bar No. 0605022
PO Box 3529
35202 Kenai Spur Hwy.
Soldotna, Alaska 99669
(907) 262-7846
(907) 262-7872 (Fax)
sredmond@greatlandjustice.com

*Attorneys for Plaintiff*

\* admitted pro hac vice

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Ryan A. Stuart
Meagan Carmichael
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Sonja Redmond
LAW OFFICE OF SONJA REDMOND
PO Box 3529
35202 Kenai Spur Hwy.
Soldotna, Alaska 99669

/s/ Ryan J. Tucker
Ryan J. Tucker
*Attorney for Plaintiff*
