# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE DOWNTOWN SOUP KITCHEN d/b/a DOWNTOWN HOPE CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE, ANCHORAGE EQUAL RIGHTS COMMISSION, and PAMELA BASLER, Individually and in her Official Capacity as the Executive Director of the Anchorage Equal Rights Commission,<br><br>    Defendants. | Case No. 3:18-cv-00190-SLG |

## JOINT CONSENT DECREE

Plaintiff The Downtown Soup Kitchen d/b/a Downtown Hope Center ("Hope Center") filed suit against Defendants Municipality of Anchorage, Anchorage Equal Rights Commission, and Pamela Basler, individually and in her official capacity (collectively "Defendants"), for violations of Hope Center's rights under the United States and Alaska Constitutions, and requested that the Court grant injunctive and declaratory relief and award damages.

On August 9, 2019, the Court issued an order temporarily enjoining Defendants from (1) enforcing AMC § 5.20.050 and AMC § 5.20.020 as applied to the provision of overnight living space to homeless persons by Hope Center and its agents, including its right to post its desired policies, and to open its overnight shelter only to persons who were determined to be female at birth; and (2) enforcing AMC § 5.20.050(A)(2)(b) as applied to

the right of Hope Center to post and discuss its desired policies with respect to its overnight homeless shelter.

Hope Center and Defendants (collectively the "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter is intended to avoid expensive and protracted litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

Therefore, with the Parties' consent, it is ordered and decreed as follows:

## I. JURISDICTION

For purposes of entry and enforcement of this Consent Decree, the Parties agree that the Court retains jurisdiction over this action and may issue such further orders or directions solely as may be necessary or appropriate to enter, construe, implement, modify, or enforce the terms of this Consent Decree. The Parties agree to provide written notice to all counsel of record of their intent to seek judicial relief regarding any dispute arising from this Consent Decree, no less than five (5) days prior to filing for relief with the Court.

## II. COVENANTS BY THE PARTIES

Defendants stipulate that AMC § 5.20.020 does not apply to Hope Center and that Hope Center is not an "owner or operator of a public accommodation" within the meaning of AMC § 5.20.050. As such, Defendants covenant that—tracking the language from the Court's August 9, 2019 order—they will not (1) enforce AMC § 5.20.050 and AMC §

5.20.020 to the provision of overnight living space to homeless persons by Hope Center and its agents, including its right to post its desired policies, and to open its overnight shelter only to persons who were determined to be female at birth; and (2) enforce AMC § 5.20.050(A)(2)(b) as applied to the right of Hope Center to post and discuss its desired policies with respect to its overnight homeless shelter.

## III. ATTORNEYS' FEES AND COSTS

Defendants shall pay to Plaintiff Hope Center $1.00 in damages and $100,000.00 in attorneys' fees and costs to Hope Center's attorneys, Alliance Defending Freedom, within thirty (30) days of the date this Order is signed.

Upon payment of the amounts set forth above, all claims not resolved by this Consent Decree are dismissed, provided that the Court retains jurisdiction of this case solely to enforce the terms of this Consent Decree.

## IV. MODIFICATIONS

This Consent Decree shall not be modified or amended except by mutual written consent of all Parties, with approval of the Court.

## V. REPRESENTATIVE AUTHORITY

Each undersigned representative of the Parties to this Consent Decree certifies that he or she is fully authorized by the party to enter into and execute the terms and conditions of this Consent Decree, and to legally bind such party to this Consent Decree. By their representative's signature below, the Parties consent to entry of this Consent Decree.

Respectfully submitted this 30th day of September, 2019.

By: /s/ *Ryan J. Tucker*
David A. Cortman, AZ Bar No. 029490*
Jonathan A. Scruggs, AZ Bar No. 030505*
Ryan J. Tucker, AZ Bar No. 034382*
Katherine L. Anderson, AZ Bar No. 033104*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 (Fax)
dcortman@adflegal.org
jscruggs@adflegal.org
rtucker@adflegal.org
kanderson@adflegal.org

Sonja Redmond, AK Bar No. 0605022
PO Box 3529
35202 Kenai Spur Hwy.
Soldotna, Alaska 99669
(907) 262-7846
(907) 262-7872 (Fax)
sredmond@greatlandjustice.com

*Attorneys for Plaintiff*

* admitted pro hac vice

By: /s/ *Ryan A. Stuart*
Ryan A. Stuart
Meagan Carmichael
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545
(907) 343-4550 (Fax)
uslit@muni.org

*Attorneys for Defendants*

# **ORDER**

Upon consideration of the above, the Court finds that this Consent Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The foregoing Consent Decree is hereby APPROVED.

There being no just reason for delay, the Court expressly directs, pursuant to Rule 54(b), ENTRY OF FINAL JUDGMENT in accordance with the terms of the Consent Decree.

DATED this ____ day of _____, 2019, at Anchorage, Alaska.

Judge Sharon L. Gleason
UNITED STATES DISTRICT JUDGE